Case number 18-1102. Jeffrey O. Siegel, Petitioner v. Administrator of the Federal Aviation Administration, et al. Mr. Winton for the Petitioner, Ms. Carroll for the Respondent. Good morning, and may it please the Court. My name is Gregory Winton, and I represent the Petitioner, Jeffrey Siegel. I'd like to reserve two minutes of my time for rebuttal. We are here today because the National Transportation Safety Board issued an order basically rubber-stamping and affirming an order by the Administrator of the Federal Aviation Administration revoking my client's private pilot certificate. That case with the Board and that decision is not supported by substantial evidence in the record. Furthermore, the Board's decision is contrary to established law, precedent in policy, and therefore is arbitrary and capricious. We talk about the record in this case and why the Board's decision affirming the revocation order is not supported by substantial evidence. Specifically, the Board at A.223 of the record stated that there was an absence of any mitigating factors which would allow for a suspension of my client's certificate instead of the revocation. Because if you recall, the regulation that was violated, 14 CFR 91.19A, also works with 14 CFR 61.15, which says a violation of 91.19A is grounds for either suspension or revocation of a pilot certificate. But what mitigation is in the record that was found by the Administrative Law Judge? The judge said specifically, 16 months elapsed from the time of the flight on October 1, 2016, until the FAA actually issued an emergency order of revocation on February 7, 2018. That's the record at A.223. Furthermore, the judge found that the state of Kansas dismissed all charges resulting from the civil possession charge of a controlled substance within the state of Kansas. The judge also found that the civil possession charge would have been a misdemeanor if the state decided to carry out that charge. That's record A.234. Interestingly enough, the judge who based his decision on the substantial evidence in the record and assessed the credibility of the witnesses, which, by the way, was adopted by the board, the judge found that whether my client admitted that the chocolate was his to the trooper who was on scene to protect his, at that time, future wife from criminal charges, I don't know. So the judge, even considering the credibility of my witness and that of his wife, said, I still don't know if Mr. Siegel admitted to the police officer that the chocolate bars that were his was to protect his wife, who, by the way, was in the hospital. Even if that were the case, that would still be evidence that he knew they were there. It could be. And the judge found it was. How could it not be? I mean, he didn't say, what are you talking about, when he said we found something over here. He said, yeah, that's mine. The passenger, no, it's not hers, it's mine. Either way, either he was lying in saying it was his, or he could have been saying it was his, but either way, he knew it was there. And if he knew it was there, he's in violation, right? Right, and we're not challenging violation, Judge. Keep it honest. I understand that. That's not what we're talking about. What you're talking about now sounds like you are. No, no, no, not at all. No, what I'm saying is this is what the judge found, okay? So these are all mitigating factors. Also, the judge found that it may have refreshed his recollection, speaking of my client, at the time of the accident, but as you mentioned, he knew it was there. He knew. So my point in saying that is, first of all, there was no use involved. They drug tested him at the hospital. He wasn't transporting for commercial purposes. No, but the regulation prohibits simple possession on the plane, and the policy statement says violation will be grounded for revocation absent exceptional circumstances. So all of your arguments about how this wasn't a distribution case are neither here nor there. And I'm not advocating that because it wasn't a distribution case it should be thrown out. Again, I'm not challenging the regulation. The judge found the regulation was violated. Nor the policy statement setting forth the rule that it's the governing rule is revocation absent exceptional circumstances. Yes, we are challenging the policy statement. Number one, judge, nowhere in this record does a policy statement exist. The opportunity to put the FAA order 2150.3b into the record was actually baited by the administrative law judge to the FAA attorney. Specifically, he said, I can take judicial notice of the FAA policy, and she said, no. Interesting. We have to leave it at that. The order that you just cited, I'm not going to go back and recite the numbers of the order you just gave. Is that order still in effect? No, the new order is 2150.3c as in Charlie. But regardless, all of this discussion in the government's brief about the policy that apparently the board is relying upon to revoke my client's certificate is not in the record. More importantly, the pilot's bill of rights, which was signed into law in 2012, specifically told the NTSB that it shall no longer basically just rubber stamp the FAA's proposed sanctions. Not what it said. Well, in effect. It took out a section that said the high deference was given, right? It did, but more importantly, judge, it said that it shall consider mitigating and aggravating circumstances. Keep in mind, the NTSB has already issued precedent on this issue. Administrator versus Jones, NTSB order number EA5647, January 16, 2013, which, by the way, was relied upon in the government's brief. The board said in determining the appropriate sanction under the pilot's bill of rights, the board itself must consider both aggravating and mitigating factors in evaluating an imposed sanction. In the past, the board compared factually similar cases in determining whether the administrator's sanction was appropriate. However, at this juncture, post pilot's bill of rights, the board said, we are reluctant to engage in sanction comparison to cases decided prior to the enactment of the pilot's bill of rights. So in this case, the plain language of the regulation, 61.15, says it provides for either suspension or revocation. And therefore, the board was required to examine the potential of both penalties in this case. The board completely disregarded all the mitigating factors that the judge threw out there in his oral decision as being substantially, being supported by substantial evidence in the record. They completely disregarded those mitigating factors. But more importantly, there are no aggravating factors in the entire record. And the board never tried to address any of those. So the question is... The compliance policy, 2153.3b, it's invoked in the board's order, right? It's invoked in the board's order. Yes, they referenced it quite a bit. And I find that interesting because it was not in the administrative record. And more importantly, the law judge did not take what we would call judicial... But for our purposes, it's part of the decision. It's the rationale of the decision to impose the sanction of revocation is grounded in 2150.3b. Right. And this court has held the board to task in the past where the board has relied upon information, testimony or documented information that's not in the record and said, wait a minute. You made a factual finding in this case based upon evidence that's not in the record. That FAA order 2150.3b was never introduced into the record. And therefore, the government, the NTSB can't rely upon it in rubber stamping and affirming the FAA's order of revocation. The opportunity was there. The judge baited the lawyer and said, would you like me to take judicial notice? And by the way, it's very important. Official notice, as it's termed in the NTSB rules of practice, require the FAA to ask for official notice, the law judge to accept it and give the respondent an opportunity, 10 days, to object to that official notice. I did not have that opportunity. The FAA order 2150.3b is a large document. And I should have had the opportunity, if it were being considered as evidence in the record, to object to it and respond to it, which I did. But yet the NTSB took hold of it and used it to revoke my client's certificate. It's not supported by evidence in the record. And, quite frankly, it's contrary to the Congressional intent. The Pilots' Bill of Rights, here I didn't say you shall no longer defer to the board. But the NTSB itself, in its decision that I was just reading, says that the board is required to examine both potential penalties when faced with an opportunity to suspend or revoke. And, more importantly, when Congress grants a regulator discretion to choose between suspension and revocation, the respondent presents facts that are material to the exercise of that discretion, which we did, because the FAA had a choice to make both suspension or revocation. The agency must hold a hearing, which they did, and must articulate why it has chosen to impose the more severe penalty. If you look at the record in this case, there was no evidence whatsoever concerning the sanction. The judge even mentioned that in his decision. Special Agent Martinez was asked, did you assign the sanction? His answer, no, it's all based on FAA Order 2150.3b, which is certificate action with revocation. And then, what did you use to make the recommendation? I used that order. And then it said, craft leads up to certificate action. Even the administrator's own witness said contraband inside the aircraft leads up to revocation, suggesting it could also have been suspension. That is the extent of all the testimony. My time is up. I'd like to reserve two minutes for revote. Thank you. May it please the Court, Sarah Carroll on behalf of the FAA. Petitioner does not deny that he knowingly carried drugs on an aircraft. He does not deny that. He doesn't deny the offense. He doesn't dispute the legality of the penalty. Your brief response to those arguments doesn't have much to say about the one he actually makes. The question here is not whether he violated. He violated. The question is not whether the FAA has the authority to revoke his post-offense. They have the authority. The question, as I understand it, is, is the authority required to explain its reason to avoid arbitrary suppression ruling, or is it good enough that you have a standing order that gives the preference to the revocation? Is that not really what this case is about? I think that that is at least one aspect of this case. And so the FAA expressly found that Petitioner's violation showed that he lacked the care and judgment needed to possess a pilot certificate, which according to FAA longstanding policy shows that he lacks the qualifications to hold the certificate. The NTSB then … That's not a very case-specific explanation, given that you wouldn't have the offense here if you did not have a pilot who knowingly violated the regulation. And the question that I understand Petitioner would be raising is, do you have to give an explanation for the choice of the revocation in this case to avoid being called, being ruled arbitrary suppression and sent back for further proceedings, or is it good enough that you have a standing order that prefers revocation? A couple of responses, Your Honor. First, I think this Court has, for instance, in cases like Ducote, deferred to the FAA's determination that certain categories of offenses on their own show that a violator lacks the qualifications to possess a pilot certificate. That's not an unusual thing. That's an approach that this Court has accepted. But beyond that, the Petitioner says that the NTSB was required to look at aggravating and mitigating circumstances in the facts of this case, and the NTSB did precisely that. He tries to claim that they applied the wrong standard, but they did not. They looked at all of the purportedly mitigating circumstances that he had offered and found essentially that even assuming the factual assertions he was making to be true, they did not mitigate what he had done. They did not render unreasonable the FAA's determination that he showed a lack of care and judgment by knowingly bringing drugs on an aircraft. Is Order 2153B publicly available? Yes, Your Honor, it is, and I'm aware of no authority that suggests that a publicly available sanction document of an agency has to be somehow formally introduced into evidence in an administrative proceeding to be considered. The ALJ, as Petitioner notes, said that he could take judicial notice of it. I'm not sure it makes a difference, but FAA counsel didn't, as he implies, say, no, don't take judicial notice of it. The ALJ said he could, this Court certainly could, and as you noted, Judge Katsas, that document notes that in exceptional circumstances, perhaps the FAA could find that a violation of 91.19a did not show a lack of qualifications, but certainly the FAA and the NTSB were not unreasonable here to find that there was nothing that created such an exceptional circumstance. One thing that I think I would like to clear up, just in case there's any confusion on the Court's behalf, Petitioner says in his reply brief that he obtained a temporary student certificate, which I thought might confuse the Court. I want to be clear that Petitioner did obtain a temporary student certificate, but he should not have obtained it, and it did not reflect a judgment by the FAA that he had the qualifications to hold a student certificate. My understanding is that people can get these temporary student certificates essentially by, pretty much instantly, by filling out an application online and then having a flight instructor certify that they're eligible. These documents are not on the record, although I can submit them to the Court. Here, the flight instructor, curiously, who made that certification was Mr. Winton, and Petitioner is a lawyer, and when the FAA realized what had happened, the FAA returned the application on the basis that Petitioner was eligible. When you say it shouldn't have been granted, you're basing that on the timing, that it was within a year? Right. The FAA has said that he can't reapply for a certificate until February 2019. I'm happy to answer any other questions the Court might have. Thank you. Thank you, Gail. I'll give you your two minutes. Sure, thank you. So, I heard counsel argue that my client knowingly brought contraband on an aircraft. There's a big distinction here. The Board also found that my client knowingly brought contraband on an aircraft. He was found to have violated a regulation, 91.6, no person may operate a civil aircraft with knowledge that marijuana was carried in the aircraft. Again, these are two chocolate bars with an unknown amount of THC. The difference between knowledge and knowingly is substantial, because when I was a young FAA lawyer, I used to prosecute the gun cases. When somebody showed up at the secured area of an airport, they would put a carry-on bag on the x-ray belt, and the x-ray belt would find a loaded weapon in that carry-on bag. They would stop it. Police would come over. The person was arrested, and the person would say, oh, yeah, that's my bag, that's my loaded weapon. My wife put it in the closet when the grandchildren came over, and I grabbed it for this business meeting. That person had knowledge that that loaded weapon was in the bag, but that person did not knowingly put that bag on the x-ray belt to get it to a secured area in an airport. That's the difference between knowledge and knowingly. My client never knowingly left that morning with the intent to operate with marijuana in the air. The evidence that he knowingly did, sir. When he told the cop, it's mine, I was hoping you wouldn't find it, and then told him it's mine, it's not hers, is that not evidence of doing it knowingly? That is not evidence that he knowingly left that morning. Because remember, the judge even said in his credibility assessment, he might have refreshed his recollection at the time of the accident. It was in the bag. We're not really reviewing the judge. We're reviewing the decision that reviewed the judge. Which is all the evidence on the record. Right, right. I don't see how you can say there's not evidence that he did this knowingly when he told the highway patrolman that I was hoping you wouldn't find it. He couldn't have been hoping that if he hadn't done it knowingly. He said, who is this? He said, it's mine. He couldn't have said that if he wasn't doing it knowingly. That's all evidence that he did it knowingly. Right, but we have to go with what the judge found on the credibility assessment because the board adopted that. The judge said, he may have said that to protect his wife who was hurt in the accident. Regardless, Judge, what's important here is that the NTSB has precedent. It's Administrator v. Zookas, Z-U-K-A-S, which is NTSB Order EA4464, 1996. What the board said in that case is that a conviction for a drug offense that did not involve willful conduct might have a bearing on sanction in a proceeding brought under the basis of 14 CFR 61.15. That's the regulation in this case, suspension versus revocation. The board further held in that case, it seems to us that the willfulness of the airman's conduct under the regulation is relevant to the choice between suspension or revocation. Not to the underlying regulation. We are not disputing that. But the board did not follow its own precedent. It departed from precedent without a reasoned analysis. So they didn't consider aggravating versus mitigating circumstances. They departed from their precedent without reasoned analysis. And for that reason, we respectfully request that you vacate the order of the board and reinstate the finding of the law judge that a 90-day suspension of his pilot certificate is relevant and applicable in this case. Thank you. Thank you, Counsel. Thank you, Counsel. Thank you, Senator.
judges: Srinivasan, Katsas, Sentelle